SALMON, MICHAEL H., Associate Judge.
Alfred W. Ricco was convicted of the crime of manslaughter and sentenced to a term of imprisonment of twelve years. His conviction and sentence were affirmed by this court. Ricco v. State, 445 So.2d 627 (Fla. 4th DCA), rev. denied, 451 So.2d 850 (Fla.1984).
Ricco, on April 25, 1984, moved for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel. A hearing was held regarding that motion; the requested relief was denied by written order.
Appellant alleged many acts or omissions on the part of his trial counsel which he contends constitute ineffective assistance of counsel, but he does not allege, even generally, that the claimed deficiencies were so substantial as to probably have affected the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla.1981); Downs v. State, 453 So.2d 1102 (Fla.1984). Although not specifically recited in the order denying the motion, the trial judge essentially denied the motion predicated upon the legal insufficiency of the motion on its face.[1] In so doing, he was correct.
Affirmed.
ANSTEAD and HURLEY, JJ., concur.

. Although not raised by the state, it seems clear from the record that at the time the motion for post-conviction relief was filed, Ricco was not a prisoner in custody under sentence, a require *328 ment recited in the rule to give the movant standing to request the relief.